1  Andrew L. Chang (SBN: 222309)
   Melina Manetti (SBN: 318350)
2  SHOOK, HARDY & BACON L.L.P.
   One Montgomery, Suite 2600
3  San Francisco, California 94104
   Telephone: 415.544.1900
4  Facsimile: 415.391.0281

5  Attorneys for Defendant
   FORD MOTOR COMPANY
6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  BRYAN DEJONG, individual ,          )  Case No. 2:20-cv-8717
                                        )
12         Plaintiff,                    )  **DEFENDANT FORD MOTOR
                                        )  COMPANY'S NOTICE OF
13         vs.                           )  REMOVAL**
                                        )
14  FORD MOTOR COMPANY, a                )
    Delaware Corporation ,              )  Complaint Filed:   05/08/2020
15                                       )
           Defendant.                    )
16

17  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18         **PLEASE TAKE NOTICE THAT** Defendant FORD MOTOR COMPANY

19  hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the

20  claims pending as Case No. 20STCV17629 in the Superior Court of California,

21  County of Los Angeles. In support of its Notice of Removal, Ford states as follows:

22

23

24

25

26

27

28

## I.   THE REMOVED CASE

1.     Plaintiff Bryan Dejong ("Plaintiff") filed this civil action against Ford Motor Company ("Ford") on May 22, 2020, in the Superior Court of California, County of Los Angeles, styled *Bryan Dejong v. Ford Motor Company*, Case No. 20STCV17629. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A to the Declaration of Andrew L. Chang ("Chang Decl.") filed in support.

2.     Pursuant to 28 U.S.C. §1446(a), Exhibit A constitutes "a copy of all process, pleadings, and orders served upon" Ford.

3.     On June 17, 2020, Ford filed an Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit B to the Chang Declaration.

4.     Plaintiff asserts claims under the Song-Beverly Act and claims of fraud against Ford. *See* Ex. A. Ford denies these allegations.

5.     This case is related to numerous cases coordinated in a multidistrict litigation, *In re: Ford Motor Co. DPS6 PowerShift Transmission Products Liability Litigation*, MDL No. 2814, pending in the Central District of California before the Honorable André Birotte, Jr. Plaintiff and each of the plaintiffs in the MDL allege breach of warranty obligations by Ford regarding a dual-dry clutch PowerShift synchronized 6-speed (DPS6) transmission installed in a Ford Focus or Ford Fiesta. Ford anticipates that this case will be included in the MDL.

## II.   FORD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6.     This removal is timely. Generally, a defendant has 30 day from the date of service of a copy of the Complaint to remove a case. *See* 28 U.S.C. § 1446(b). However, when the case is not removable on the face of the initial pleading, a defendant has thirty days from the date of service or receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is or has become removable to then remove the case. *See* 28 U.S.C. § 1446(b)(3).

1    Ford was served with a copy of the Complaint on May 22, 2020. However, the

2    Complaint was not removable on its face, as it did not contain means of ascertaining

3    the amount in controversy. *See* Chang Decl., Ex. A *generally*.

4    7.      Ford requested a copy of Plaintiff's retail installment sales contract from the

5    selling dealership, and counsel for Ford was able to ascertain the amount in

6    controversy and first learn that this case was removable. *See* Chang Decl., ¶ 3. This

7    Notice of Removal is therefore timely filed.

8    8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for

9    the State Action in Ford's possession are contained in Exhibits A-B to the Chang

10   Declaration filed herewith.

11   9.      The United States District Court for the Central District of California is the

12   proper venue for removal under 28 U.S.C. § 1446(a) because it is "the district and

13   division embracing the place where such action is pending," namely, Los Angeles

14   County.

15   10.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed

16   with the Clerk of the Los Angeles County Superior Court, and Ford will serve a copy

17   of the Notice of Removal on all parties to the case.

18   11.     Ford does not waive any defenses, including without limitation any defenses

19   pursuant to Federal Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

20   **III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

21   **MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

22   12.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §

23   1332(a), because this is a civil action in which the amount in controversy exceeds the

24   sum of $75,000, exclusive of costs and interest, and is between citizens of different

25   states.

26

27

28

**A. Diversity of Citizenship Exists Between the Parties.**

13.     Removal under 28 U.S.C. § 1441(b) is appropriate in this matter because complete diversity of citizenship exists between Plaintiff and Ford. See 28 U.S.C. § 1332(c)(1).

14.     According to the address listed on his vehicle's purchase and registration documents, Plaintiff Bryan Dejong resides in the County of Los Angeles, and is a citizen of California. *See* Chang Decl. ¶ 5. For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be his state of citizenship. *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.")

15.     Ford is now and was at the time Plaintiff commenced this action, a Delaware corporation, having its principal place of business in Michigan and, thus, for jurisdictional purposes, is a citizen of Delaware and Michigan. *See* Chang Declaration, Exhibit C; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

16.     This Court, therefore, has original jurisdiction of this action under 28 U.S.C. § 1332 because the sole named Defendant is a citizen of Delaware and Michigan while Plaintiff is a citizen of California.

**B. The Amount-in-Controversy Requirement is Satisfied.**

17.     For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

18.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co*., 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A

1    defendant may remove a suit to federal court notwithstanding the failure of the

2    plaintiff to plead the required amount. Absent the facial showing from the complaint,

3    the court may consider facts averred in the removal petition. *Id.* Next, if the

4    defendant's allegations regarding the amount in controversy is challenged, then "both

5    sides submit proof and the court decides, by a preponderance of the evidence, whether

6    the amount-in-controversy requirement has been satisfied." *Ibarra v. Manheim*

7    *Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). At that time, "it may be

8    appropriate to allow discovery relevant to [the] jurisdictional amount prior to

9    remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

10   19.    Ford disputes that it is liable to Plaintiff for any damages. Nevertheless, Ford

11   can demonstrate that the amount in controversy exceeds $75,000 under the

12   "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*,

13   506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party

14   present evidence that "it is more likely than not" that the amount in controversy is

15   met. *Id.*

16   20.    In the present case, Plaintiff alleges claims for breach of express and implied

17   warranties under the Song-Beverly Consumer Warranty Act Cal. Civ. Code § 1790 et

18   seq., as well as a claim for fraudulent concealment. *See* Chang Decl., Ex. A, generally.

19   21.    Plaintiff alleges that on or about March 20, 2012, he purchased a 2012 Ford

20   Focus. *See* Chang. Decl., Ex. A, ¶ 4. The purchase price of the vehicle was

21   $33,577.12. *See* Chang Decl., ¶ 3.

22   22.    Plaintiff alleges he is entitled to relief under the Song-Beverly Act, including:

23   replacement or restitution, incidental damages, consequential damages, a civil penalty

24   of up to two times the amount of actual compensatory and general damages;

25   attorney's fees and costs of suit; the difference of the value of the vehicle as accepted

26   and the value the vehicle would have had if it had been as warranted; remedies

27   provided in Chapters 6 and 7 of Division 2 of the Commercial Code; prejudgment

28

1    interest; punitive damages; and such other relief as the Court deems appropriate. *See*

2    Chang Decl., Ex. A, at Prayer for Relief.

3    23.    The Song-Beverly Act allows for recovery of a civil penalty of up to two times

4    the amount of actual damages. Cal. Civil Code § 1794(c). Civil penalties under the

5    Song-Beverly Act are properly included in the amount in controversy calculation.

6    *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The

7    amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at

8    1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt*

9    *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). In fact, the court in

10   *Fritsch v. Switch Transp. Co. of Az*., *LLC*, 899 F.3d 785, 794 (9th Cir. 2018) more

11   recently held that "a court must include future attorneys' fees recoverable by statute or

12   contract when assessing whether the amount-in controversy requirement is met."

13   24.    The Song-Beverly Act allows for the recovery of attorney's fees. Cal. Civil

14   Code § 1794(d). The Song-Beverly Act also allows for the recovery of incidental and

15   consequential damages. Cal. Civil Code § 1794(b).

16   25.    If Plaintiff were to prevail on her Song-Beverly Act claims, he could be

17   awarded damages of $75,000.00 or more. Plaintiff's actual damages of $33,577.12

18   (the purchase price of his vehicle), plus $67,154.24 as two-time penalty pursuant to

19   the Song-Beverly Act, totals $100,731.36. Adding this to any award of incidental and

20   consequential damages, reasonable attorney's fees, remedies provided in Chapters 6

21   and 7 of Division 2 of the Commercial Code, and punitive damages, the amount in

22   controversy in this case is well over the $75,000 threshold.

23   26.    Ford Motor Company is willing and shall, if the Court requires further proof of

24   the amount paid or payable, conduct discovery by interrogatories or depositions to

25   support that the amount in controversy is satisfied pursuant to 28 U.S.C. Section 1332.

26   FRCP 26(a)(1)(A)(iii) requires Plaintiff to file a computation of damages.

27

28

## IV. CONCLUSION

27.    This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Ford and the amount in controversy is satisfied. Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant Ford Motor Company hereby removes the above-captioned action to the United States District Court for the Central District of California.

WHEREFORE, Defendant Ford Motor Company hereby removes this action now pending against it in the Superior Court of the State of California, County of Los Angeles, to this Honorable Court.

Dated:  September 23, 2020             Respectfully submitted,

                                      SHOOK, HARDY & BACON
                                      L.L.P.


                                      By: _____
                                          ANDREW L. CHANG

                                      Attorneys for Defendant
                                      Ford Motor Company


## DEMAND FOR JURY TRIAL

Defendant Ford Motor Company demands a trial by jury on all issues that may be tried by a jury

Dated:  September 23, 2020             Respectfully submitted,

                                      SHOOK, HARDY & BACON
                                      L.L.P.


                                      By: _____
                                          ANDREW L. CHANG

                                      Attorneys for Defendant
                                      Ford Motor Company

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4823-2970-7210 v1

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

CASE NO. 2:20-CV-8717